FOURTH DEPARTMENT, SEPTEMBER, 1936.
(September 23, 1936.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERVIN D. LEE, Property 1431 Genesee Street, Respondent, v. FRANK J. WINSLOW and Others, Constituting the Board or Department of Assessment and Taxation of the City of Utica, New York, and ANTHONY SISTI, Clerk of the City of Utica, Appellants.— Order affirmed, with costs. All concur. (The order confirms report of referee reducing assessment on real property.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERVIN D. LEE, Property 418 Lafayette Street, Utica, Respondent, v. FRANK J. WINSLOW and Others, Constituting the Board or Department of Assessment and Taxation of the City of Utica, New York, and ANTHONY SISTI, Clerk of the City of Utica, Appellants.— Order affirmed with costs. All concur. (The order confirms report of referee reducing assessment on real property.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AVON GARAGE, INCORPORATED, a Domestic Corporation, Property 220–224 Lafayette Street, Utica, New York, Respondent, v. FRANK J. WINSLOW and Others, Constituting the Board or Department of Assessment and Taxation of the City of Utica, New York, and ANTHONY SISTI, Clerk of the City of Utica, Appellants.— Order affirmed, with costs. All concur. (The order confirms report of referee reducing assessment on real property.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE SYRACUSE TRUST COMPANY, as Trustee of the Trusts Created by RICHARD MATHER and Others, Respondents, v. WILLIAM M. REMMER and Others, as Assessors of the City of Utica, etc., Appellants.— Transferred to the Appellate Division, Third Department, for determination. Present — Sears, P. J., Taylor, Thompson and Crosby, JJ.

JAMES E. HEFFERNAN, Respondent, v. GENERAL BRONZE CORPORATION, Appellant.— Judgment and order reversed on the facts and new trial granted, with costs to the appellant to abide the event. Memorandum: There is integrated in the verdict a finding that defendant's delay in completing its work caused the owner of the building — and through the owner, the plaintiff — loss of rental value of the stores for the months of May and June, 1929, in the amount of $8,330.81. This finding is against the weight of the evidence. We are largely influenced in reaching this determination by plaintiff's own testimony that the bronze fronts were completed about April 1, 1929, and that there was little work of consequence done upon or in the building between April 1 and June 11, 1929. We are also impressed with the inconclusiveness of plaintiff's testimony as to the time it took or should have taken to do the rest of the work on the stores after defendant's work was finished. We do not disapprove the reception of testimony as to the rental value of the premises for the months of May and June, 1929. But we note that the record does not show that the owner of the premises had made any leases of the stores for May or June — whereby any possible claims for damages are barred; nor does it even appear that any opportunities to rent presented themselves. All concur. (The

judgment is for plaintiff in an action for damages for delay by a subcontractor. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.